UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREGORY HILL,

       Plaintiff,

 - against -

DELTA INTERNATIONAL MACHINERY
CORP. and HOME DEPOT U.S.A., INC.,

       Defendants.
------------------------------------------------------------X

**OPINION & ORDER**

05 Civ. 3812 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

  Gregory Hill is suing Delta International Machinery Corp. ("Delta") and Home Depot U.S.A. Inc. ("Home Depot") for injuries he sustained while using a power saw manufactured by Delta and sold by Home Depot. The suit was originally filed in New York state court on January 29, 2004 and was removed to federal court on April 12, 2005 on diversity grounds. The original complaint named a third, non-diverse defendant, AD Manufacturing Corp. ("AD Mfg."), who was Hill's employer at the time of his injury and who was dismissed from the case by stipulation of discontinuance on April 8, 2005. Hill now moves for remand of the case to state court, asserting that removal was untimely because it was done

more than one year after the initial filing of the complaint. Delta and Home Depot oppose his motion, arguing that they are entitled to an equitable extension of the removal period because AD Mfg. was fraudulently joined to defeat diversity. For the following reasons, the motion to remand is granted.

## II. BACKGROUND

On May 8, 2003, Hill was an employee of AD Mfg., a New York company that manufactures trophies.[1] As part of his duties, Hill was required to use a power mitre saw that was manufactured by Delta[2] and sold to AD Mfg. by Home Depot.[3] Hill was injured while using the saw and alleges that, at the time of his injury, the saw was in a defective and unsafe condition, which was caused by the recklessness and negligence of the defendants in the manufacture, assembly, and distribution of the saw.[4]

On January 29, 2004, Hill filed suit in the New York State Supreme Court, Bronx County against Delta, AD Mfg., and Home Depot asserting tort claims against the three defendants. On July 1, 2004, the case was transferred to

---

[1] Verified Complaint ("Compl.") ¶¶ 47, 49.

[2] *Id.* ¶¶ 17, 18.

[3] *Id.* ¶ 40.

[4] *Id.* ¶¶ 50, 52, 54.

Nassau County but on March 29, 2005, the transfer order was vacated and the case was returned to the Bronx.

On April 8, 2005, Hill voluntarily dismissed AD Mfg. from the suit, thereby creating complete diversity among the parties. On April 14, 2005, defendants filed a notice of removal in this Court. Hill now moves for remand, arguing that removal was untimely because the one-year time period for removal of diversity actions expired in January of 2005, over two months before the notice of removal was filed. Defendants oppose the motion to remand. They argue that AD Mfg. was fraudulently joined in order to defeat removal and therefore request an equitable extension of the one-year removal period.

### III. LEGAL STANDARD

When a party files a motion to remand challenging the removal of an action from state court, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'"[5] "Out of respect for the independence of state courts, and in order to control the federal docket, 'federal courts construe the removal statute narrowly, resolving any doubts against

---

[5] *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). *Accord Carson v. Dunham*, 121 U.S. 421, 425-26 (1887); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

removability."[6] If the removing party cannot demonstrate federal jurisdiction by "competent proof," the removal was in error and the district court must remand the case to the court in which it was filed.[7] "It is a fundamental principal of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."[8] "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."[9]

## IV. DISCUSSION

Section 1446(b) of Title 28 of the United States Code states, in relevant part, that

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of

---

[6] *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02 Civ. 9580, 2003 WL 22283814, at *2 (S.D.N.Y. Oct. 2, 2003) (quoting *Somlyo v. J. Lu-Rob Enter., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991). *Accord Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

[7] *See, e.g., Kings Choice Neckwear*, 2003 WL 22283814.

[8] *Collins v. Dartmouth Plan, Inc.*, 646 F. Supp. 244, 245 (D. Conn. 1986). *Accord United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Props. Meridien Square, Inc.*, 30 F.3d 298, 301 ("removability is determined from the record as of the time the petition for removal is filed") (citation omitted).

[9] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[10]

Courts have recognized that "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."[11] Under the doctrine of fraudulent joinder, a removing defendant may have non-diverse defendants dismissed upon a showing that the plaintiff has no claim against the non-diverse defendant. "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse

---

[10] 28 U.S.C. § 1446(b).

[11] *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). *Accord Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) ("courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court.").

defendant in state court."[12] The defendant attempting to prove fraudulent joinder bears a "heavy burden . . . with all factual and legal ambiguities resolved in favor of plaintiff."[13]

Some courts have held that "an equitable exception to the one-year time limit imposed by Section 1446(b) is warranted where . . . the circumstances suggest that the plaintiff acted tactically to avoid removal and the interests of justice favor removal."[14] The Second Circuit has not yet addressed this question, however the Fifth Circuit has held that "[s]ection 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit . . . . Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended."[15] Some district courts, although only one in the Southern District of New York, have likewise held that manipulative behavior by the plaintiff may

---

[12] *Pampillonia*, 138 F.3d at 461.

[13] *Id.*

[14] *In re Rezulin Prods. Liab. Litig.*, No. 00 Civ 2843, 02 Civ. 6827, 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003).

[15] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-27, 429 (5th Cir. 2003).

justify an extension of the removal period.[16] Moreover, the Second Circuit has held that the provision of Section 1446(b) that creates a 30-day period for removal after the filing of papers showing a case's removability is "formal and modal . . . not jurisdictional," and therefore may be extended upon a finding of waiver or estoppel.[17] If the one-year deadline for removal of diversity cases is likewise considered procedural, it may be inferred that it too may be extended.

Allowing an extension of the one-year time limit where "the plaintiff acted tactically to avoid removal and the interests of justice favor removal"[18] parallels the Second Circuit's treatment of the 30-day time limit contained in the same section of the removal statute.[19] The reasoning behind the extension - to

---

[16] *See, e.g., In re Rezulin*, 2003 WL 21355201, at *2 (granting extension where circumstances indicate plaintiff behaved "tactically to avoid removal"). *But see Somlyo*, 932 F.2d at 1045-46 ("[t]he right to remove is statutory and must therefore be invoked in strict conformity with statuory requirements."); *Royer v. Harris Well Serv., Inc.*, 741 F. Supp. 1247, 1249 (M.D. La. 1990) ("While the one year limitation could lend itself to abuses and inequities, it is for the Congress and not this Court to rewrite the provisions of section 1446(b).").

[17] *Somlyo*, 932 F.2d at 1046.

[18] *In re Rezulin*, 2003 WL 21355201, at *2.

[19] *See Somlyo*, 932 F.2d at 1046 (holding that district court has discretion to overlook procedural flaws in determining whether petition for removal was filed with the 30-day period required by section 1446(b)); *Staples*, 444 F. Supp. 1312 (E.D.N.Y. 1978) (allowing extension of the 30-day period because of plaintiff's tactical behavior).

prevent tactical behavior on the part of plaintiffs - accords with the general goal of preventing forum shopping that has been recognized repeatedly by the Supreme Court.[20] Moreover, such an extension does not interfere with Congress' purpose in creating the time limit, which was to "reduc[e] the opportunity for removal after substantial progress has been made in state court."[21] Courts that have granted equitable extensions of the removal period have done so after weighing factors such as the plaintiff's behavior, the fairness to the defendant of allowing or denying the extension, and the systemic interest in efficiency and respect for the state courts.[22] This last factor militates against removal after "substantial

---

[20] *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 467 (1965) (construing *Erie v. Tompkins R.R. Co.* as an attempt to reduce "the practice of forum-shopping" between state and federal courts); *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 538 (1992) ("Forum shopping is thus of particular concern" where state and federal courts with overlapping jurisdiction disagree); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 24 (1987) (Marshall, J. concur.) (decrying "the odor of impermissible forum shopping which pervades this case").

[21] H.R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032.

[22] *See In re Rezulin*, 2003 WL 21355201, at *2 (considering plaintiff's behavior and "interests of justice" when granting extension); *Foster v. Landon*, No. Civ.A. 04-2645, 2004 WL 2496216, at *2 (E.D. La. Nov. 4, 2004) (holding that "egregious, clear pattern of forum manipulation" is necessary to overcome interest in judicial efficiency and allow extension of removal period); *Clark v. Nestle USA, Inc.*, No. Civ.A. 04-1537, 2004 WL 1661202, at *1-2 (E.D. La. July 22, 2004) (holding that defendant's lack of diligence in seeking removal prevents extension of removal period even where plaintiff's strategic behavior warrants

progress" has been made in the state forum and comports with Congress' goal in amending section 1446.

However, even assuming that an equitable extension is available in certain circumstances, Delta and Home Depot are not entitled to an extension for two reasons. *First*, the Complaint fails to state a claim against AD Mfg.; therefore, a timely removal was available to defendants under the doctrine of fraudulent joinder. *Second*, the defendants have failed to show that plaintiffs acted strategically to deprive them of their right to remove. The primary justification offered by courts granting extensions has been strategic behavior by the plaintiff; without such behavior, there is no reason for an extension in this case.

The Complaint fails to state a claim against AD Mfg.; therefore, Home Depot and Delta should have filed a timely removal and argued for the dismissal of AD Mfg. under the doctrine of fraudulent joinder. In *In re Rezulin*, the court extended the removal period to allow removal after the dismissal of Dr. Rugama, the only non-diverse defendant, created complete diversity. The court reasoned that such an extension was warranted in part because the complaint did "not suggest that Dr. Rugama was fraudulently joined;"[23] therefore, defendants

extension).

[23] *In re Rezulin*, 2003 WL 21355201, at *1.

would not have been able to remove the action while Dr. Rugama remained a party.

Unlike the defendants in *In re Rezulin*, Home Depot and Delta could have relied on the fraudulent joinder doctrine and timely removed because the Complaint, on its face, fails to state a claim against AD Mfg. "[T]he exclusive remedy available to an employee injured in the course of employment is provided by the Workers' Compensation law"[24] unless the employer intentionally injured the employee[25] or failed to secure workers' compensation insurance.[26]

Because the Complaint does not allege that AD Mfg. failed to secure

---

[24] *McKay v. Ciani*, 720 N.Y.S.2d 601, 603 (3d Dep't 2001). *See also* N.Y. Workers' Comp. Law § 11 ("The liability of an employer [under Workers' Compensation Law] . . . shall be exclusive and in place of any other liability whatsoever . . . at common law or otherwise . . . .").

[25] *See Burlew v. American Mut. Ins. Co.*, 482 N.Y.S.2d 720, 723 (1984) ("Intentional injuries are not covered by the Workers' Compensation Law and an employee may bring a tort action for such wrongs against the offending employer or insurer."); *Gagliardi v. Trapp*, 633 N.Y.S.2d 387, 388 (2d Dep't 1995) (stating that an employee must show that employer intentionally injured him in order to escape exclusive remedy provision).

[26] *See Patterson v. Salvation Army*, 610 N.Y.S.2d 42, 43 (1st Dep't 1994) (holding that Workers' Compensation Law is an employee's exclusive remedy where the employer carried workers' compensation insurance and did not cause the injury intentionally); *Baksh v. Yassky*, 600 N.Y.S.2d 65, 66 (1st Dep't 1993) (granting summary judgment on personal injury claim because Workers' Compensation law is employee's sole remedy where employer secured workers' compensation insurance).

insurance, that exception is irrelevant. The Complaint does allege that AD Mfg.'s failure to maintain the saw properly was malicious but this conclusory statement is insufficient to establish an intentional tort for the purposes of Workers' Compensation Law. In order to establish an intentional tort that will overcome the Workers' Compensation exclusivity provision, the plaintiff must show "an intentional or deliberate act by the employer directed at causing harm to the particular employee."[27]

> The plaintiff must be able to point to specific facts evidencing an intent to harm him . . . . A mere knowledge and appreciation of a risk is not the same as intent to cause injury . . . . Therefore, where the employer is accused of failing to warn an employee of a known hazard, or fails to disclose the nature of the materials with which the employee is working, the employer's conduct will not constitute an intentional tort.[28]

Hill's Complaint alleges no specific facts evidencing an intent to harm him. The Complaint merely states that AD Mfg. was aware of a dangerous workplace condition and failed to correct it. Assuming the truth of the allegations, the Complaint still fails to allege that AD Mfg. committed an intentional tort

---

[27] *Acevedo v. Consolidated Edison Co.*, 596 N.Y.S.2d 68, 71 (1st Dep't 1993) (quoting *Mylroie v. GAF Corp.*, 440 N.Y.S.2d 67, 69 (3d Dep't 1981)).

[28] *Greco v. Staten Island Univ. Hosp.*, No. Civ. A. CV-99-7401, 2000 WL 804634, at *2 (E.D.N.Y. May 1, 2000) (citations omitted).

sufficient to overcome the exclusivity provision of Workers' Compensation Law.[29] Because Hill does not allege that AD Mfg. was uninsured or committed an intentional tort, his only remedy against it is under Workers' Compensation Law. He has no claim against his employer in any court and AD Mfg. could have been dismissed as a fraudulent joinder.

A second reason for denying defendants' request for an extension of the removal period is that defendants have failed to show that Hill behaved strategically to defeat their right of removal. In all the cases cited by the defendants in support of their request, the court cited plaintiff's strategic behavior as one of the main factors militating in support of an extension.[30] For example, in

---

[29] *See Briggs v. Pymm Thermometer Corp.*, 537 N.Y.S.2d 553, 556 (2d Dep't 1989) (holding that "intentionally ignor[ing]" a known hazard is not an intentional tort and therefore "is not excepted from the 'exclusive remedy' provision of the Workers' Compensation law"). *See also Orzechowski v. Warner-Lambert Co.*, 460 N.Y.S.2d 64, 66 (2d Dep't 1983) (holding that intentionally ignoring a known risk of explosion is not a "specific act directed at causing harm to particular employees" and therefore does not constitute an intentional tort for the purposes of the Workers' Compensation Law); *Acevedo*, 596 N.Y.S.2d at 71 (holding that plaintiffs failed to allege an intentional tort where complaint stated that employer directed employees to clean up toxic spill without warning employees of danger or providing them with protective clothing).

[30] *See, e.g., In re Rezulin*, 2003 WL 21355201, at *2 (holding that an equitable extension is justified because the facts, as a whole, "suggest strategic behavior was at play"); *Kite v. Richard Wolf Med. Instruments Corp.*, 761 F. Supp. 597, 600 (S.D. Ind. 1989) (holding that exception to 1446(b) time limit must be granted where plaintiff behaved strategically because applying the rule

*Tedford v. Warner-Lambert*, the court emphasizes the fact that "hours after" being informed of defendant's intention to remove the case to federal court, the plaintiff joined a non-diverse defendant and then, without taking any discovery from that defendant, signed a dismissal of the claim against him but refrained from filing the dismissal until after the one year period had expired.[31] Unlike the plaintiff in *Tedford*, Hill does not appear to have taken any actions specifically to defeat removal. The non-diverse defendant was not added in response to an attempted removal; rather, AD Mfg. was included in the initial Complaint. Moreover, the Complaint stood unchanged for the entirety of the one-year removal period - as previously noted, the defendants had plenty of time to attempt removal under the doctrine of fraudulent joinder. Plaintiff plainly desires to try this case in state court; however, there has been no showing of the type of obviously strategic behavior that has been cited by other courts as justifying an extension of the removal period.

Because the Complaint on its face is legally insufficient as to AD Mfg., Delta and Home Depot could have alleged fraudulent joinder after filing a

---

mechanically would undermine congressional intent and allow plaintiffs to "circumvent diversity jurisdiction altogether").

[31] *See Tedford*, 327 F.3d at 425.

timely notice of removal. The fact that they did not take advantage of their opportunity to do so is not grounds for extending the removal period now. Moreover, defendants have failed to show the sort of strategic behavior by the plaintiff that would justify an extension of the removal period. Therefore, the notice of removal was untimely filed and plaintiff's motion to remand must be granted.

## V. CONCLUSION

For the foregoing reasons, Hill's motion to remand is granted. The Clerk of the Court is directed to close this motion (docket # 3) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
July 19, 2005

## - Appearances -

*For Plaintiff:*

Frank Cernigliaro, Esq.
LANDERS & CERNIGLIARO, P.C.
One Old Country Road, Suite 400
Carle Place, New York 11514
(516) 742-6000

*For Defendant:*

Michael Berman, Esq.
SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.
Attorney for Delta Mfg. & Home Depot
111 John Street, 20th Floor
New York, NY 10038
(212) 964-7400

Douglas Hayden, Esq.
Attorney for AD Mfg. Corp.
199 Church Street
New York, NY 10007
(212) 312-9000